IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATIE GUTHERLESS, | |
| Plaintiff, | 8:20CV442 |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation; | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on the Motion for Protective Order filed by Defendant Union Pacific Railroad Company ("Defendant"). For the following reasons, the motion is granted.

## BACKGROUND

This lawsuit arises from an alleged workplace injury to Plaintiff Katie Gutherless ("Plaintiff"). On June 16, 2019, while employed at Defendant's Bailey Yard in North Platte, Nebraska, Plaintiff suffered a severe injury and resulting amputation of her dominant hand. Plaintiff's injury occurred while she and co-worker Neil Sponsel ("Sponsel") were working as a "two-person switch crew." (Filing No. 24 at CM/ECF p. 3). Plaintiff claims she sustained this injury because Sponsel "lacked sufficient training and experience, operated his remote-control locomotive in excess of the limit for remote coupling to push cars through a defective retarder, and failed to conduct an adequate safety briefing." (Filing No. 1 at CM/ECF p. 3, ¶ 9).

One day after the incident, on June 17, 2019, Defendant received a letter of representation and a document preservation request from Plaintiff's attorney.

(Filing No. 24-2). Defendant also immediately retained counsel and conducted an incident response investigation. As part of that investigation, on June 27, 2019, Defendant took a recorded statement from Sponsel. The statement was taken by Defendant employee Matt Starostka, with input from Defendant's retained attorneys. (Filing No. 24 at CM/ECF p. 3).

This lawsuit was then filed on October 21, 2020. (Filing No. 1). A progression order was entered by the court on December 15, 2020, (Filing No. 20), and the parties began discovery. Through written discovery, Plaintiff requested from Defendant copies of "statements of any kind, whether written or verbal, obtained from any persons, including but not limited to Plaintiff and her crew, with knowledge of relevant facts upon which this lawsuit is based." (Filing No. 24-4 at CM/ECF p. 3). Defendant produced <u>written</u> statements of three individuals, including Sponsel. However, Defendant objected to production of other statements, including Sponsel's recorded statement, claiming that the remaining statements were protected by work product privilege. (Filing No. 24-4 at CM/ECF p. 3).

On January 22, 2021, Sponsel requested a copy of his own recorded statement. His asked that the statement be sent directly to Plaintiff's attorney, or, in the alternative, sent directly to him. (Filing No. 24-6 at CM/ECF p. 1). Defendant sent the statement directly to Sponsel – not to Plaintiff's attorney – on January 25, 2021. (Filing No. 26-3 at CM/ECF p. 1).

Plaintiff's attorney deposed Sponsel on January 27, 2021, at which time Sponsel was asked about the recorded statement. Sponsel testified that he had received a copy, but that he had not reviewed it prior to the deposition. He further testified that he was not certain, at that time, whether he would voluntarily provide a copy to Plaintiff's counsel.

Thereafter, on February 11, 2021, Plaintiff served Defendant with a notice of intent to subpoena the recorded statement from Sponsel. (Filing No. 24-8). In response, Defendant filed the instant motion, asking this court either to quash the subpoena or to enter a protective order preventing Plaintiff from obtaining the statement. (Filing No. 23). But, before this motion was fully submitted, on February 20, 2021, Sponsel voluntarily provided the statement to Plaintiff's counsel. (Filing No. 25 at CM/ECF p. 1).

Having obtained the statement, Plaintiff withdrew her intent to issue the subpoena. However, Defendant did not withdraw the instant motion – claiming that a protective order is still necessary. Defendant claims that Sponsel's disclosure of the statement to Plaintiff's counsel did not waive Defendant's work product privilege and that the court should enter a protective order barring Plaintiff from further use of the statement and requiring destruction of all copies in Plaintiff's possession. (Filing No. 29).

## DISCUSSION

I. Application of Work Product Doctrine

The parties agree that, as a general matter, Sponsel's recorded statement is Defendant's work product. Filing No. 24 at CM/ECF p. 6); (Filing No. 25 at CM/ECF p. 2). The court also agrees.

At the time Sponsel gave his recorded statement, both parties had retained counsel. Investigation – from both sides – was in full swing. While the statement was not taken by Defendant's attorney, it was taken with the attorney's input and at his direction. See Diversified Indus., Inc., v. Meredith, 572 F.2d 596, 604 (8th Cir. 1977) ("[T]he concept of work product is not confined to information or materials gathered or assembled by a lawyer."); see also Stark-Romero v. Nat'l

R.R. Passenger Co. (AMTRAK), 276 F.R.D. 531, 539 (D.N.M. 2011) (holding that documents prepared by the railroad in anticipation of litigation and at the direction of counsel following a crossing accident "fall squarely within the heartland of work product"). Under those circumstances, the statement was made in anticipation of litigation, contained factual information relevant to the case, and should be considered ordinary work product.[1] See Ellenbecker v. BNSF Ry. Co., 2019 WL 6771827, at *1 (D. Neb. Dec. 11, 2019) (quoting Simon v. G. D. Searle & Co., 816 F.2d 397, 401 (8th Cir. 1987).

    II.    Substantial Need

Under the work product doctrine "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). But, the court may order production of ordinary work product if the party seeking the information demonstrates a "substantial need for the materials and the inability to obtain the information without undue hardship." Herrera v. Union Pac. R.R. Co., 2017 WL 1458677, at *1 (D. Neb. Apr. 24, 2017) (quoting Baker v. General Motors Corp., 209 F.3d 1051, 1054 (8th Cir. 2000).

Courts in this circuit have previous found that where a witness is available, there is no substantial need to obtain a previous, recorded statement that is otherwise protected as work product. See, e.g., Soyring v. Fehr, 2006 WL 8443343, at *4 (D. Minn. Feb. 23, 2006) (citation omitted); Falkner v. Gen. Motors Corp., 200 F.R.D. 620, 625 (S.D. Iowa 2001). Sponsel is an available witness in this case and was deposed by the Plaintiff on January 27, 2021. Plaintiff has presented no evidence that Sponsel was unable to recall the accident or answer

---

[1] There are two types of work product – ordinary and opinion. The type at issue here is ordinary work product, and the standard for disclosure will be applied accordingly.

deposition questioning. And, Defendant already produced a written statement from Sponsel, obtained on the night of the subject accident. (Filing No. 24 at CM/ECF p. 5). There is no substantial need warranting disclosure of Sponsel's recorded statement.

### III. Waiver

Even if unable to show of substantial need, a party may be entitled to the opposing party's work product if counsel has waived the protection. Pittman v. Frazer, 129 F.3d 983, 988 (8th Cir. 1997). Here, the parties proffer different standards for this court to adopt when analyzing whether a waiver of the work product privilege has occurred.

Defendant invites the court to apply Gundacker v. Unisys Corp., 151 F.3d 842, 848 (8th Cir. 1998). However, Gundacker's discussion of the issue is sparse. In Gundacker, the Eighth Circuit held that the district court did not abuse its discretion in determining that a document inadvertently disclosed to opposing counsel was still protected by the work product privilege. Defendant cites to one sentence in the Gundacker case, which states, that "there must be an intention that the opposing party see the work product" for waiver to occur. Gundacker, 151 F.3d at 848 (emphasis added). Defendant argues that Gundacker is binding on this court and broadly mandates that there can be no waiver of work product privilege unless there is an actual intent that an opposing party review the privileged material. (Filing No. 29 at CM/ECF p. 3).

Conversely, Plaintiff claims that while an actual intention to disclose the protected information is one way to waive privilege, it is not the only way. Plaintiff argues that when the circumstances of a disclosure "substantially increase" the likelihood that an opposing party will obtain the information, the work product

privilege may be waived. (Filing No. 25 at CM/ECF p. 6) (quoting Lahart v. BNSF Ry. Co., 2017 WL 5634148, * 5 (S.D. Iowa March 28, 2017) ("A party also waives its protection when it 'voluntarily share[s] the document in a way that is inconsistent with the goal of the protection, which is to prevent the opposing party from benefiting from an opponent's mental impressions or legal theories.'"); see also United States v. Johnson, 378 F. Supp. 2d 1041 (N.D. Iowa 2005).

The court need not determine which advocated standard applies because, applying either standard, I find Defendant has not waived work product privilege.

First, there was no "actual intent" to disclose Sponsel's recorded statement to Plaintiff. Defendant has consistently maintained that this statement is work product. It indicated that it was work product in its discovery response and otherwise resisted every attempt by Plaintiff to specifically obtain the statement. (Filing No. 29 at CM/ECF p. 5). Under the Gundacker standard, there was no waiver.

Moreover, when Sponsel personally requested a copy, Defendant was required to provide it to him. Fed. R. Civ. P. 26(b)(3)(C) provides that "[a]ny party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter." Fed. R. Civ. P. 26(b)(3)(C). A refusal to provide a previous statement to the maker subjects the withholding party to sanctions. Id. Sponsel requested his own statement, and Defendant complied with the federal rules (while maintaining that the statement was privileged). And, when asked by Sponsel in his original request to send the statement to Plaintiff's counsel, Defendant declined and instead sent the statement directly to Sponsel. (Filing No. 25 at CM/ECF p. 2).

Plaintiff claims that Defendant's actions substantially increased the likelihood of Plaintiff obtaining the statement, arguing that "providing Sponsel with a copy of the statement knowing that the document might be shared with Plaintiff's counsel is inconsistent with the work-production protection and establishes a waiver of the protection." (Filing No. 25 at CM/ECF p. 7).

But Defendant did not have a choice. He was required to send Sponsel the statement. Compliance with Rule 26(b)(3) "creates no right in a party to the litigation to obtain a copy of a statement of an ordinary witness without the usual showing required for work product." In re Convergent Techs. Second Half 1984 Sec. Litig., 122 F.R.D. 555, 566 (N.D. Cal. 1988) (emphasis added). While Defendant may have anticipated that Sponsel would disclose the statement, there was no other course of action available: the statement had to be provided to Sponsel in order to comply with Rule 26. Defendant's actions were not inconsistent with its claim of privilege nor did those actions substantially increase Plaintiff's access to the statement within the meaning of the law.

Plaintiff further argues that Defendant turned the statement over to Sponsel "without any notice or remarks" regarding the asserted privilege. (Filing No. 25 at CM/ECF p. 7). Plaintiff argues that "[a] failure to include such a caveat is an indication that 'the disclosure is inconsistent with maintaining secrecy from possible adversaries.'" (Filing No. 25 at CM/ECF p. 7) (quoting Stix Prods., Inc. v. United Merchants & Mfrs., Inc., 47 F.R.D. 334, 338 (S.D. N.Y. 1969)). Defendant knew that Sponsel had been in discussions with Plaintiff's counsel about requesting the statement. So, perhaps including an explicit claim of privilege in that email would have been the best practice. However, under the totality of the facts presented, the court will not find a waiver of privilege.

Plaintiff was on consistent notice that Defendant believed that the recorded statement was protected by the work product doctrine and that no waiver had occurred. Defendant raised the privilege issue during Sponsel's deposition—after Sponsel had received the recorded statement. Counsel paused or delayed the deposition to speak with the undersigned, who acknowledged the circumstances and topic required additional consideration and would not be decided during that call. The undersigned invited the parties to file a relevant motion on the matter in order to obtain a substantive review of this complicated privilege issue. Rather than file the motion, Plaintiff's counsel served a subpoena on the Sponsel, thereby opting to skirt court involvement and obtain a statement without a judicial determination of the disputed privilege status. And while Defendant was objecting to production, Sponsel—not Defendant—produced the recorded statement to Plaintiff in response to the threatened subpoena. Plaintiff's counsel clearly knew, and the court knew, that Defendant was asserting Sponsel's recorded statement was work product. Defendant's mere failure to tell Sponsel not to further disclose the statement will not be deemed a failure to adequately safeguard Defendant's work product.

Given the posture of the disclosure here, and Defendant's consistent maintenance of its privilege claim, the court finds that Defendant did not intend, nor substantially increase the likelihood of, disclosure to Plaintiff. Thus, under either standard outlined by the parties, Defendant maintains its work product privilege as to Sponsel's recorded statement.

    IV.    Protective Order

Originally, this matter was before the court on Defendant's motion to quash Plaintiff's intent to subpoena the statement from Sponsel, pursuant to Fed. R. Civ P. 45(d)(3), or in the alternative, for a protective order under Fed. R. Civ. P. 26(c).

After Sponsel provided the statement to Plaintiff's counsel, Defendant clarified that it was withdrawing its request to quash the subpoena and would proceed only on the request for a Rule 26 protective order. Given the above, the court need not, and will not, address the Rule 45 standard or any argument that this court was the improper venue for the motion to quash.

Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...[.]" Fed. R. Civ. P. 26(c). The moving party bears the burden to demonstrate good cause for the issuance of the protective order. Prism Techs. LLC v. AT&T Mobility, LLC, 2014 WL 3670949, at *1 (D. Neb. July 23, 2014) (citations omitted). For good cause to exist, "the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted." Vishay Dale Electrs., Inc. v. Cyntec Co., Ltd., 2008 WL 4372765, *3 (D. Neb. Sept. 22, 2008) (citation omitted).

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). In addition to the moving party's required showing, the court must also consider "the relative hardship to the non-moving party should the protective order be granted." General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir.1973) (citing United States v. Kordel, 397 U.S. 1, 4–5 (1970)). "The balance of relative hardships includes an assessment of any substantial detriment to a party caused by the inclusion or failure to include the protection at issue." Blair v. City of Omaha, 2011 WL 148120, at *2 (D. Neb. Jan. 18, 2011) (citation omitted).

Having weighed the arguments and balanced the relative burden on the parties, the court finds that Defendant is entitled to a protective order.

Accordingly, IT IS ORDERED:

1) Defendant's motion for a protective order (Filing No. 23) is granted.

2) Plaintiff is barred from using or reviewing Neil Sponsel's recorded statement, (Filing No. 27). On or before April 14, 2021, Plaintiff must destroy all retained copies of the statement and file a declaration or other sworn statement, of record, indicating compliance with this order.

3) Plaintiff shall make no further attempt to obtain additional copies of Neil Sponsel's recorded statement (Filing No. 27), from any source, without first seeking leave of court.

Dated this 31st day of March, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge