IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATIE GUTHERLESS,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation;<br><br>　　　　　　　Defendant. | **8:20CV442**<br><br>**PROTECTIVE ORDER** |

　　　　IT IS ORDERED that the Parties' Joint Motion for the Court's approval and entry of their Stipulated Protective Order is granted. (Filing No. 64)

　　　　IT IS FURTHER ORDERED that the Plaintiff, Katie Gutherless, and her agents and representatives, are hereby ordered to comply with all of the terms and conditions of the Stipulated Protective Order relating to production of the subject documents. The terms and conditions of the Stipulated Protective order follow.

### STIPULATED PROTECTIVE ORDER

a) The documents regarding Sponsel described in the parties' joint motion (Filing No. 64) shall not be disclosed, produced, or otherwise disseminated to anyone who is not involved in this case by Plaintiff, as well as any agents or representatives of the Plaintiff.

b) The Plaintiff, as well as any agents or representatives of the Plaintiff, shall not allow the subject items to be disseminated on the Internet or any other electronic media, and no party shall use these items in advertisements.

c) The Plaintiff, as well as any agents or representatives of the Plaintiff, will ensure that if the subject items are given to any employee of theirs or any outside expert, that these individuals will be advised of and provided a copy of this Protective Order and they shall not disseminate the subject items on or to the Internet or any other outside electronic media nor shall they

disclose, produce, or otherwise disseminate it to anyone who is not involved in this case.

d) Any employee of or outside expert utilized by the Plaintiff, as well as any agents or representatives of the Plaintiff, who accepts access to the subject items or copies of the same shall be bound by the usage restrictions outlined in this Protective Order. Plaintiff shall, prior to granting third-party access to the subject items, provide such recipients with a copy of this Protective Order, and require that any recipient affirmatively agree, in writing, to be bound by its terms.

e) The items may not be used for any purpose other than in connection with the preparation for, and trial of, this litigation.

f) That the termination of proceedings in this action shall not relieve any person to whom the items have been disclosed from the obligations of this Protective Order, and said items will be destroyed/deleted or returned to UP at the conclusion of this case.

Dated this 13th day of July, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge