IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATIE GUTHERLESS,<br><br>             Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation;<br><br>             Defendant. | **8:20CV442**<br><br>**MEMORANDUM AND ORDER** |

      Defendant Union Pacific Railroad Company ("UP") moves the court for an order protecting certain recorded witness statements from disclosure, (Filing No. 77). UP claims that the statements at issue are protected work product and that the court should enter an order specifically barring Plaintiff Katie Gutherless ("Plaintiff") from attempting to obtain them.

      Being fully advised, the court will grant UP's motion in part.

BACKGROUND

      On June 16, 2019, while employed at UP's Bailey Yard in North Platte, Nebraska, Plaintiff suffered a severe injury which resulted in the amputation of her dominant hand. Plaintiff's injury occurred while she and co-worker Neil Sponsel ("Sponsel") were working as a "two-person switch crew." (Filing No. 24 at CM/ECF p. 3). Plaintiff claims she sustained this injury because Sponsel "lacked sufficient training and experience, operated his remote-control locomotive in excess of the limit for remote coupling to push cars through a defective retarder, and failed to conduct an adequate safety briefing." (Filing No. 1 at CM/ECF p. 3, ¶ 9). Plaintiff

filed this FELA[1] lawsuit to recover for her injuries and alleges, in part, a claim against UP for failure to properly train its employees.

In support of her claim against UP for failure to provide appropriate training, Plaintiff's attorney obtained affidavits from six UP employees. (Filing Nos. 63-4 to 63-9). The affidavits generally describe, from each affiant-employee's perspective, the nature and extent of the training provided to UP employees working at the North Platte Bailey Yard. The affidavits were signed, dated, and notarized in April 2021. (Id). UP represents to the court that the foregoing employee affidavits were thereafter disclosed to UP on April 16, 2021. (Filing No. 78 at CM/ECF p. 2).  After UP was provided copies of the employee affidavits, in May 2021, UP's legal counsel met with and obtained recorded statements from each UP employee who provided an affidavit to the plaintiff in this case. (Filing No. 78 at CM/ECF p. 2).

On July 30, 2021, UP received an email from Plaintiff's counsel which requested (on behalf of the UP employees) copies of the recorded statements at issue here. (Filing No. 78 at CM/ECF p. 2). UP objected to production of the statements to Plaintiff and her attorneys, and it has consistently maintained that the recorded statements taken from the relevant employees are UP's work product and are therefore protected from disclosure to the adverse party.

The court previously addressed a similar issue in this case. On January 22, 2021, Sponsel requested a copy of his own recorded statement. The parties agreed that, as a general matter, Sponsel's recorded statement was UP's work product. (Filing No. 24 at CM/ECF p. 6); (Filing No. 25 at CM/ECF p. 2). The parties also agreed that UP was under a legal obligation to provide the statement to Sponsel pursuant to Fed. R. Civ. P. 26(b)(3)(C). See Fed. R. Civ. P. 26(b)(3)(C)

---

[1] FELA refers to the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60.

2

("[a]ny party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter."). So, on January 25, 2021, UP provided the statement to Sponsel pursuant to its obligation under the federal rules, but it did not directly provide a copy to Plaintiff or her attorneys, maintaining that the recorded statement was protected from such disclosure by the work product doctrine.

The court considered the matter on UP's prior motion for a protective order ([Filing No. 23](Filing No. 23)) and determined that providing a copy of a witness's statement directly to the witness pursuant to Rule 26(b)(3)(C) did not constitute a waiver of an otherwise valid claim of work product privilege as to that statement. The court granted UP's protective order and barred Plaintiff and her attorney from any further use or review of Sponsel's recorded statement.

Now, a different issue has arisen. The parties appear to agree – as they did when the Sponsel issue was litigated – that the relevant employee statements are generally protected by the work product doctrine. They also agree that at the request of the employee witnesses, UP must provide each employee witness with a copy of his or her statement pursuant to Rule 26(b(3)(C). However, when the court considered the Sponsel statement, Sponsel had already been deposed for this lawsuit. As to the pending motion, none of the relevant employees has been previously deposed for this case. Plaintiff maintains that the recorded statements would become discoverable if any of the relevant employees reviews those statements to refresh his or her memory <u>prior</u> to providing deposition or other testimony. Plaintiff further maintains that the statement would become discoverable if a witness reviews his or her statement <u>while testifying</u> in order to refresh recollection as to certain facts. See Fed. R. Evid. 612.

3

UP asks the court to determine whether UP's otherwise protected work product must be produced to Plaintiff if used to refresh the recollection (either before or during testimony) of a testifying UP employee.

This is an issue of first impression in this district. Having considered the record, briefing, and relevant law, the undersigned magistrate judge finds that, under the specific facts presented on the pending motion, UP's motion should be partially granted and the statements will be protected as specifically outlined below.

ANALYSIS

This case highlights an area of tension between the Federal Rules of Civil Procedure, the work product doctrine, and the Federal Rules of Evidence.

As a preliminary matter, there does not appear to be a dispute that the statements at issue are UP's work product. The court agrees. Under the work product doctrine "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). Here, the statements were taken during the course of litigation, by defense counsel, and allegedly contain factual information relevant to the case. See TStark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK), 276 F.R.D. 531, 539 (D.N.M. 2011) (holding that documents prepared by the railroad in anticipation of litigation and at the direction of counsel following a crossing accident "fall squarely within the heartland of work product"). The statements are a textbook example of ordinary[2] work product.

---

[2] There are two types of work product – ordinary and opinion. The type at issue here is ordinary work product, and the standard for disclosure will be applied accordingly.

4

"Ordinary work product is not discoverable unless the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means." Baker v. GMC (In re GMC), 209 F.3d 1051, 1054 (8th Cir. 2000) (citing Fed. R. Civ. P. 26(b)(3)). Courts have consistently held there is no "substantial need" for a protected witness statement if the relevant witness is available to testify. See, e.g., Soyring v. Fehr, 2006 WL 8443343, at *4 (D. Minn. Feb. 23, 2006) (citation omitted); Falkner v. Gen. Motors Corp., 200 F.R.D. 620, 625 (S.D. Iowa 2001). There is no evidence that any of the UP employees whose statements are at issue here is unavailable to Plaintiff. In fact, Plaintiff's counsel obtained sworn statements from each of these individuals even before UP took the recorded statements at issue. That timeline and the obvious availability of these witnesses to Plaintiff's counsel undercuts any argument that Plaintiff has any need, much less a substantial need, to receive UP's work product.

Even if unable to show of substantial need, a party may be entitled to the opposing party's work product if counsel has waived the protection. Pittman v. Frazer, 129 F.3d 983, 988 (8th Cir. 1997). There is no evidence that UP's conduct has created any waiver of its otherwise valid work product privilege. As this court has previously determined, providing a witness with his or her own statement pursuant to Fed. R. Civ. P. 26(b)(3)(C) does not, as a general matter, constitute a waiver of protection from disclosure under the work product doctrine. Based upon the record currently before the court, there are no facts present that would change the court's determination on that point as it applies to the statements of the relevant UP employees. Having reviewed the record, there is no basis on which Plaintiff can currently claim that UP has waived its work product protection. Thus, Plaintiff cannot obtain these statements through substantial need or waiver of the work product doctrine.

5

Plaintiff has now proposes a different avenue for obtaining the employee statements taken by UP: Fed. R. Evid. 612. Rule 612 provides, in relevant part:

> (a) Scope. This rule gives an adverse party certain options when a witness uses a writing to refresh memory:
>
> (1) while testifying; or
>
> (2) before testifying, if the court decides that justice requires the party to have those options.
>
> (b) Adverse Party's Options; Deleting Unrelated Matter. Unless 18 U.S.C. § 3500 provides otherwise in a criminal case, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony. If the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party. Any portion deleted over objection must be preserved for the record.

Fed. R. Evid. 612. As is clear from its text, Rule 612 recognizes that a party questioning a witness under oath may use writings to refresh memory. But the rule does not explain how to preserve work product protection when the examining party wants to use another party's work product to refresh a witness' recollection.

At this time, the court does not know if any witness will review his or her statement prior to testifying, if any witness' memory on a material and relevant fact will need to be refreshed, or whether Plaintiff's counsel will ask the witness if the statement he or she provided to UP (as opposed to Plaintiff's counsel) would refresh the witness' recollection. But the parties anticipate these problems will arise and request guidance now rather than calling the court during the depositions.

6

Rule 612(a)(2) addresses the disclosure of writings used to refresh recollection prior to testifying without regard to whether the witnesses reviewed their statements at a party's request or on their own volition.[3] Rule 612(a)(1) governs the disclosure of statements used during a witness' testimony. As to both sections of Rule 612(a), a party seeking to preserve work product protection over writing used to refresh recollection may seek relief from the court before disclosing the protected materials. But the court's analysis differs depending on when the statement was reviewed. The court will therefore separately analyze the potential need to disclose UP-obtained statements to Plaintiff under Rules 612(a)(1) and 612(a)(2).

I. Rule 612(a)(2): Refreshment Prior to Testimony

The court has broader discretion in evaluating the propriety of disclosure of work product documents reviewed by a witness prior to and in preparation for testifying.

> Although some authorities suggest that there is some conflict between F.R.Civ.P. 26(b)(3) and F.R.Evid. 612, this court believes that they may be read in harmony with each other. When so read, an analysis under F.R.Evid. 612 is similar to that made under F.R.Civ.P. 26(b)(3). That is, if materials qualify as work product, they are discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." F.R.Civ.P. 26(b)(3). When, however, a witness has used such materials to refresh his recollection prior to testifying, F.R.Evid. 612 weights the balance in favor of finding that the "substantial need" exists, because of the policy in favor of effective cross-examination. The balancing process under both rules dovetails, however.

---

[3] UP states it "has not, and will not, direct any of the witnesses to review their statements in preparation for their depositions. If Union Pacific changes course, it will produce the witness statements." (Filing No. 78 at CM/ECF p. 11).

In re Comair Air Disaster Litig., 100 F.R.D. 350, 353 (E.D. Ky. 1983). When evaluating writings reviewed prior to testifying, the conflict between Rule 612 and the work product doctrine must be "resolved by the courts on a case-by-case basis by balancing 'the competing interests in the need for full disclosure and the need to protect the integrity of the adversary system protected by the work-product rule.'" Sauer v. Burlington N. R. Co., 169 F.R.D. 120, 123 (D. Minn. 1996) (quoting Redvanly v. NYNEX Corp., 152 F.R.D. 460, 470 (S.D.N.Y.1993)).

After "balance[ing] 'the competing interests in the need for full disclosure and the need to protect the integrity of the adversary system protected by the work-product rule,'" the court finds that UP's interest in preserving its work product outweighs Plaintiff's need to obtain UP-obtained statements of witnesses who reviewed those statements to prepare and refresh their recollection prior to testifying. Id. The statements in question were taken later in time than the affidavits Plaintiff's counsel obtained from the witnesses. The UP-obtained statements are likewise remote in time to the subject-accident. Under the circumstances presented here, the risk to Plaintiff of being unable to effectively cross-examine an employee witness is highly suspect. Plaintiff's counsel has obtained his own statements from the witnesses and, as further evidenced by the employees' demand for their statements sent to UP by Plaintiff's counsel on each witness' behalf, the witnesses are clearly willing to speak with Plaintiff's counsel. For all these reasons, the court finds that even if the witnesses use their UP-obtained statements to prepare for their depositions, UP work product protection as to those statements outweighs Plaintiff's need to receive a copy in order to adequately examine the UP employee witnesses.

II.  Rule 612(a)(1): Refreshment During Testimony

If a witness uses a writing to refresh his or her recollection during testimony, the writing becomes discoverable to the adverse party without regard to its privilege status and without an additional showing. See, e.g., Derderian v. Polaroid Corp., 121 F.R.D. 13 (D. Mass. 1988) (noting that Congress "amended the Rule so as still to require the production of writings used by a witness while testifying, but to render the production of writings used by a witness to refresh his memory before testifying discretionary with the court in the interests of justice, as is the case under existing federal law") (emphasis added). This is true regardless of whether it is UP or Plaintiff's counsel whose questioning brings about the need for potential refreshment. The court has limited discretion to protect from disclosure statements properly used – by either side – to refresh recollection during testimony. See Fed. R. Evid. 612(a)(1).

However, the court cannot permit a party to use Rule 612 to circumvent the work product doctrine. United States v. Sheffield, 55 F.3d 341, 343 (8th Cir. 1995). The purpose of Rule 612 is to provide "a means to reawaken recollection of the witness to the witness's past perception." Id. It is not "a vehicle for a plenary search for contradictory or rebutting evidence that may be in a file." Id. An opposing party's work product should be used to refresh recollection only if truly needed to secure testimony aimed at disclosing relevant and material information. Id. ("Even where a witness reviewed a writing before or while testifying, if the witness did not rely on the writing to refresh memory, Rule 612 confers no rights on the adverse party."). As such, if there is another, nonprivileged source (including the statements obtained by Plaintiff's counsel) that could effectively refresh recollection of the same facts, the nonprivileged source must be utilized in lieu of UP's work product materials. Moreover, the topic at issue must be relevant, material, and potentially in dispute. For example, the inability to recall a date that is not material to the

9

outcome, not in dispute, or can be refreshed by reference to nonprivileged documents, does not justify asking to use UP's work product to refresh a testifying witness' recollection.

As to the depositions of UP employees who provided a statement to UP:

- UP must bring a <u>written</u> copy of the employee's statement to the deposition.
- If a witness cannot recall the answer to a question posed and testifies that review of the UP-obtained statement could refresh his or her recollection, UP may nonetheless withhold the statement from the witness' review if: 1) the fact at issue is not relevant, material to the case outcome, or potentially in dispute, or 2) the answer to the question posed is not in the UP-obtained statement, or 3) the answer is in a non-privileged document which could be used in lieu of UP's work product to refresh the witness' recollection.
- If a witness' memory needs to be refreshed as to a relevant, material, and potentially disputed fact, and only the UP-obtained statement will refresh the witness' recollection, UP must show the answer within the statement to the witness and provide a copy of that portion of the document to opposing counsel – but the entire statement need not be 1) shown to the witness during testimony, or 2) provided to Plaintiff's counsel.
- If Plaintiff demands production of any portion of a UP-obtained statement that UP considers unrelated to the refreshment of the witness, the court will "examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party." Fed. R. Evid. 612(b). The undersigned will make such examination as necessary.

However, the parties should make all possible efforts to amicably resolve any such dispute before seeking judicial review.

The court must interpret all rules to afford justice. To that end, the undersigned magistrate judge will not tolerate gamesmanship that subverts either the discovery of relevant and material facts or the protection afforded by the work product doctrine. Plaintiff is not permitted to distort the purpose of Rule 612 as a means to invade UP's case file: UP cannot use the work product doctrine to hide material, relevant, and potentially disputed facts forgotten by a witness but nestled within UP-obtained employee statements. If evidence of any such conduct by either party is provided to the court, sanctions will be imposed.

Accordingly,

IT IS ORDERED:

1) UP's motion (Filing No. 77) is granted as set forth in this order.

2) Each witness who provided a recorded statement to UP and who has requested a copy of his or her statement pursuant to Fed. R. Civ. P. 26(b)(3)(C) is entitled to a copy of his or her statement[4] and may choose to review it prior to testifying. UP shall provide a copy of each statement to the relevant witness as soon as practicable but in no event later than December 13, 2021.

3) Plaintiff (directly or through any agents) may not review the contents of any UP-obtained and recorded employee statement, nor receive or use copies of the statements, unless and until UP waives the protection from disclosure afforded under the work product doctrine. If any UP employee transmits his or her UP-obtained statement to Plaintiff and her agents (including counsel) without UP's express consent, Plaintiff and her

---

[4] There was some question as it relates to which UP employee statements are the subject of this motion. For clarity, this order applies to every recorded statement previously taken of a UP employee by UP in preparation for litigation in this case and over which UP continues to maintain a claim of work product protection.

agents must not review the statement and must destroy all copies received.

4) Even if a UP employee uses his or her UP-obtained statement to prepare for and refresh recollection prior to testifying, Plaintiff is not entitled to a copy of the statement.

5) As more thoroughly outlined in the body of this order, Plaintiff or her agents (including counsel) will not attempt to use UP's protected work product to refresh a witness' recollection if the work product is not necessary to uncover material, relevant, and potentially disputed facts.

6) If counsel for either party uses a UP-recorded statement protected by the work product doctrine to properly refresh a witness' recollection during testimony, only those portions of the statement specifically used to refresh the witness must be disclosed to all parties, with any additional and demanded disclosure subject to judicial review, as necessary, pursuant to Fed. R. Evid. 612(b).

7) UP shall transmit a copy of this order to each relevant witness along with his or her UP-recorded statement. The witnesses are cautioned that acceptance of their statements constitutes their agreement and consent to be bound by this order.

Dated this 6th day of December, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge