IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATIE GUTHERLESS, | |
| Plaintiff, | 8:20CV442 |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on plaintiff Katie Gutherless's ("Gutherless") Motion to Limit the Opinions and Testimony of Dan Thompson ("Thompson") (Filing No. 81) and defendant Union Pacific Railroad Company's ("UP") Motion to Strike the Opinions of Jeffrey B. Opp ("Opp") and Jesse R. Ogren ("Ogren") (Filing No. 83). Both motions are granted in part and denied in part as set forth below.

I.  **BACKGROUND**

On June 16, 2019, Gutherless lost part of her right hand in a work accident while switching railcars for UP. To prove her damages, Gutherless seeks to admit evidence from Ogren, a vocational rehabilitation specialist, and Opp, a forensic economist. UP asks the Court to strike Ogren's opinion as to the expected earnings of railroad conductors and engineers for lack of foundation. UP also asks the Court to exclude (1) calculations "based on what Mr. Opp admitted were highly inaccurate historical loss estimates" and (2) future-loss estimates "based on Mr. Ogren's unreliable opinion" and Gutherless's "improper lay opinion of when she could hold the conductor and engineer positions."

In her motion, Gutherless requests an order limiting the testimony of UP's expert life-care planner, Thompson, regarding her "need for a myo-electric prosthesis and the costs associated with prosthetic devices." As Gutherless sees it, Thompson (1) is not qualified to offer opinions under Federal Rule of Evidence 702 and (2) even if qualified,

"fails to apply the required intellectual rigor required by the practice of prosthetist at arriving at his opinions where he is unable to point to any factual or scientific bases for the opinions."

## II. DISCUSSION

### A. Standard of Review

The admissibility of expert testimony in federal court is primarily governed by Rule 702. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993). Under that rule,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702(a)-(d).

This Court acts as a gatekeeper, ensuring that only relevant and reliable scientific evidence is admitted at trial. *See Daubert*, 509 U.S. at 589; *Shipp v. Murphy*, 9 F.4th 694, 700 (8th Cir. 2021). In evaluating reliability, the Court considers a wide range of factors, including "(1) whether the expert's theory or technique can be or has been tested, (2) whether the theory or technique has been subjected to peer review or publication, (3) the known or potential rate of error of the theory or technique, and (4) whether the technique or theory is generally accepted." *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 777 (8th Cir. 2021). The reliability inquiry focuses on principles and methodology as opposed to conclusions, "[b]ut conclusions and methodology are not entirely distinct from one another." *Gen. Elec. Co. v. Joiner*, 522

U.S. 136, 146 (1997). The Court can, in its discretion, exclude an opinion if "there is simply too great an analytical gap between the data and the opinion proffered." *Id.*

"As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Loudermill v. Dow Chem. Co.*, 863 F.2d 566, 570 (8th Cir. 1988). And the "cases are legion that . . . call for the liberal admission of expert testimony." *Johnson v. Mead Johnson & Co.*, 754 F.3d 557, 562 (8th Cir. 2014).

"Nevertheless, '[e]xpert testimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case.'" *Masters v. City of Independence*, 998 F.3d 827, 838 (8th Cir. 2021) (alteration in original) (quoting *In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2019)). When an "expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded." *Neb. Plastics, Inc. v. Holland Colors Ams., Inc.*, 408 F.3d 410, 416 (8th Cir. 2005).

### B.     Jesse R. Ogren

Ogren is a vocational rehabilitation evaluator. He has opined that Gutherless could earn $100,000 annually as a conductor upon obtaining enough seniority to hold that position and could earn $140,000 annually as an engineer upon receiving training and becoming certified as an engineer. UP seeks to exclude Ogren's "opinions regarding the base pay of conductors and engineers" because the opinions lack "sufficient foundation for admissibility under *Daubert*." In particular, UP argues Ogren improperly relies "solely on his experience" for some key numbers without explaining how his experience led to the conclusions he reached as "required" by the advisory committee's note to Rule 702 and *Daubert*. UP further argues Ogren failed "to connect his past experiences with other conductors and engineers to the facts of this case."

3

Gutherless responds that Ogren's opinions about her future earnings are supported by his interview with her and "by the vocational testing he performed." As Gutherless sees it, she has "the intelligence and drive to achieve her vocational goals in the future," whatever they might be. She contends Ogren's estimates are supported by U.S. Bureau of Labor Statistics data for conductors in Nebraska.

After careful review, the Court finds UP has the stronger position on this particular point. The Court agrees with UP that Ogren has failed to provide an adequate basis for his opinions that Gutherless could expect future earnings of $100,000 per year as a conductor and $140,000 per year as an engineer. Under Rule 702, expert testimony that is speculative or based on insufficient facts is not admissible at trial. *Masters*, 998 F.3d at 838.

C. **Jeffrey B. Opp**

Opp calculated Gutherless's future lost earnings by three different "methods." The first was based on her inability to work as a switchman. The second was based on her inability to work as a conductor, and the third was based on her inability to work as an engineer.

UP argues Opp's opinion based on the first method is "fatally flawed and inadmissible" because it depends on what "Mr. Opp admitted were highly inaccurate historical loss estimates." The argument is unavailing.

Although some of UP's criticisms of Opp's opinions may have merit, the Court concludes Opp's calculations based on the first method are not so flawed and unreliable as to be inadmissible. To the extent UP takes issue with Opp annualizing and extrapolating Gutherless's pre-injury 2019 earnings, it can challenge the basis for his opinions on cross-examination and present contrary evidence for the jury to consider. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

4

The Court reaches a different conclusion with respect to Opp's opinions based on the second and third methods. As UP points out, not only do those methods turn on Ogren's inadmissible opinions regarding the future earnings of conductors and engineers, they also depend on Gutherless's "improper lay opinion" that she could work as a conductor and an engineer in the relatively short term. Gutherless does not respond to UP's objection to Gutherless's opinion on that basis.

Opp's earnings calculations and opinions based on the second and third methods are excluded.

### D.     Dan Thompson

Gutherless moves to limit the opinions and testimony of Thompson "ruling out [Gutherless's] need for a myo-electric prosthesis and the costs associated with prosthetic devices." She presents a two-pronged attack, challenging both his "qualifications to provide opinions" and the factual and scientific bases for his opinions. In response, UP denies Thompson claimed the myo-electric prosthesis was medically unnecessary and maintains he is qualified to give his opinions on costs.

Like UP's motion to strike, Gutherless's arguments result in something of a mixed bag. Having thoroughly reviewed Thompson's opinions and the parties' briefs, the Court will permit Thompson to testify as to the cost of prosthesis over the course of Gutherless's life but will not allow him to offer opinions on the necessity or effectiveness of different types of prosthesis. Contrary to Gutherless's suggestion, Thompson need not practice as a qualified prosthetist to offer expert testimony on costs, and the Court finds he is qualified to offer such opinions in these circumstances. *See*, *e.g.*, *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006) (explaining Rule 702 "is 'satisfied where expert testimony advances the trier of fact's understanding to any degree" (quoting 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6265 (1997))).

The Court agrees that "Thompson is unqualified to provide any opinions that include the clinical standards of care and medical necessity for specific prosthetics," but it is not clear he has done that here in any material way. If Gutherless believes Thompson's trial testimony strays beyond his qualifications or lacks sufficient foundation in the record, she can timely object. And, as always, she will have the opportunity to vigorously cross-examine Thompson on the basis for his opinions and present evidence from her "well-credentialed prosthetist," Dale A. Berry, as she has in support of her motion.

Based on the foregoing,

IT IS ORDERED:

1. Plaintiff Katie Gutherless's Motion to Limit the Opinions and Testimony of Dan Thompson (Filing No. 81) is granted in part and denied in part.

2. Defendant Union Pacific Railroad Company's Motion to Strike the Opinions of Jeffrey B. Opp and Jesse Ogren (Filing No. 83) is granted in part and denied in part.

Dated this 16th day of December 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge